UNITED STATES DISTRICT COURT

MIDDL DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALEB M. THEVENOT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-722-BAJ-SDJ** |
| **LARRY E. FOSTER, et al.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 23, 2021.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDL DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALEB M. THEVENOT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-722-BAJ-SDJ** |
| **LARRY E. FOSTER, et al.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand (R. Doc. 11), which Defendants do not oppose (R. Doc. 11 at 1). For the reasons that follow, the Court **RECOMMENDS** that the Motion to Remand (R. Doc. 11) be **GRANTED** and that Plaintiff's cause of action be **remanded** to the 19th Judicial District Court for further proceedings.

Plaintiff was involved in a multi-car collision on October 8, 2019, while crossing over the Mississippi River Bridge in Baton Rouge, Louisiana. (R. Doc. 1-3 at 2). Following the accident, Plaintiff filed suit in the 19th Judicial District Court against the following Defendants: Larry Foster, the driver of one of the cars involved; Foster's employer, CTC, Inc.; and their insurer, Sentry Select Insurance Company. (R. Doc. 1-3 at 1-2). Following service, the original Defendants removed the case to this Court based on diversity jurisdiction. (R. Doc. 1). According to the Notice of Removal and original Petition, Plaintiff is a citizen of Louisiana, Sentry is a citizen of Wisconsin, and both Mr. Foster and CTC, Inc., are citizens of Mississippi. (R. Doc. 1 at 2); (R. Doc. 1-3 at 1).

Defendants filed their Answer to the Petition shortly after removal. (R. Doc. 4). In it, they alleged non-party Elijah Ickes, who drove the car in between Plaintiff and Mr. Foster, was liable

for the multi-car collision and the damages claimed by Plaintiff. (R. Doc. 4 at 2, 4, 5). Based on these allegations and some initial discovery, Plaintiff filed an unopposed Amended Complaint (R. Doc. 10), naming both Elijah Ickes and his insurer as additional Defendants.

Both Plaintiff and Mr. Ickes are citizens of Louisiana. (R. Doc. 10 at 2) (Elijah Ickes is a "resident and domiciliary of the City of Watson, [Louisiana]."). And because the addition of Mr. Ickes destroys complete diversity, Plaintiff filed the instant Motion to Remand (R. Doc. 11) on March 16, 2021. Like the Amended Complaint, Defendants do not oppose remand. (R. Doc. 11 at 1).

"[M]ost post-removal developments—amendment of pleadings to below [the] jurisdictional amount or change in [the] citizenship of a party—will not divest the court of jurisdiction[,] but [the] addition of a nondiverse defendant will . . . ." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987); *see also* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may . . . permit joinder and remand the action to the State court."). The removal statute is strictly construed, *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007), and remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

Because the addition of Elijah Ickes, against whom Plaintiff has alleged a viable claim, destroys complete diversity, this Court no longer has subject matter jurisdiction. *Mergist v. Wal-Mart Stores, Inc.*, 2016 WL 3648262, at *5 (M.D. La. June 9, 2016) (remanding case after allowing plaintiff to join non-diverse defendants against whom she had viable claims); *Porter v. Times Group*, 2016 WL 8257692, at *6 (M.D. La. Nov. 4, 2016) (remand required after addition of non-diverse defendant who plaintiff alleged was "jointly liable," along with original defendants).

And so, the Court **RECOMMENDS** that Plaintiff's unopposed Motion to Remand (R. Doc. 11) be **GRANTED** and that this case be **REMANDED** to the 19th Judicial District Court for further proceedings.

Signed in Baton Rouge, Louisiana, on March 23, 2021.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**